COURT OF APPEALS OF VIRGINIA


Present:    Judges Beales, Powell and Retired Judge Clements[*]
Argued at Richmond, Virginia


JOHN SHEPHERD BELL, III

                                                        MEMORANDUM OPINION[**] BY
v.        Record No. 2897-07-2                     JUDGE JEAN HARRISON CLEMENTS
                                                             JANUARY 13, 2009

COMMONWEALTH OF VIRGINIA


                    FROM THE CIRCUIT COURT OF FLUVANNA COUNTY
                                John R. Cullen, Judge

            Richard T. Harry, Jr., for appellant.

            Josephine F. Whalen, Assistant Attorney General II (Robert F.
            McDonnell, Attorney General, on brief), for appellee.


        John Shepherd Bell, III (appellant) was convicted in a jury trial of possession of cocaine,

in violation of Code § 18.2-250.  On appeal, appellant contends the trial court erred in denying

his motion to suppress the cocaine found on his person in violation of the Fourth Amendment.

Finding no error, we affirm the trial court's judgment and appellant's conviction.

        As the parties are fully conversant with the record in this case, and because this

memorandum opinion carries no precedential value, this opinion recites only those facts and

incidents of the proceedings as are necessary to the parties' understanding of the disposition of

this appeal.

---

        [*] Judge Clements participated in the hearing and decision of this case prior to the
effective date of her retirement on December 31, 2008, and thereafter by designation pursuant to
Code § 17.1-400(D).

        [**] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

I. BACKGROUND

"Under familiar principles of appellate review, we view the evidence and all reasonable inferences fairly deducible from that evidence in the light most favorable to the Commonwealth, the party that prevailed below." Banks v. Commonwealth, 41 Va. App. 539, 543, 586 S.E.2d 876, 877 (2003). So viewed, the evidence established that Virginia State Police Trooper Anthony Clore conducted a traffic stop of the vehicle appellant was driving. Consequently, Clore issued summonses to appellant for operating the vehicle with an illegal muffler and for violating the terms of his restricted license. Concluding the traffic stop, Clore told appellant, who sat in the passenger seat of Clore's police cruiser, that he was free to go.

As appellant exited the police cruiser, Clore asked him if he could search the vehicle appellant drove. After appellant consented to a vehicle search, he further consented to a pat down by Clore to ensure he possessed no weapons. As Clore started to pat down appellant's left front pants pocket, he saw appellant immediately place his hand in the pocket, withdraw an object, conceal it behind his back, and try to insert the object into his back pocket. At that time, Clore could not identify the object. Intercepting the object from appellant's hand, Clore discovered the object was a cigarette box. Clore opened the box and found a plastic bag of cocaine. Clore arrested appellant and placed him in the front passenger seat of his police cruiser.

Immediately following appellant's arrest, Clore searched the vehicle appellant drove. During the search, Clore discovered on the passenger floorboard a black bag containing cash, a smoking pipe, a large amount of crack cocaine, and a small bag of marijuana. Subsequently, appellant was indicted for possession of cocaine with the intent to distribute, in violation of Code § 18.2-248, and for possession of cocaine, in violation of Code § 18.2-250. Appellant moved to suppress the cocaine found in the cigarette box and all subsequent evidence found in the vehicle.

After conducting a hearing on appellant's motion, the trial court found appellant's manner of removing the cigarette box from his pocket gave Clore probable cause to search the contents of the cigarette box, based on a reasonable belief that the box contained evidence of a crime. Thus, the trial court denied appellant's motion to suppress.[1] Subsequently, appellant was convicted of possession of cocaine.[2]

This appeal followed.

## II.  ANALYSIS

On appeal, appellant contends Clore did not have probable cause to search the contents of the cigarette box for evidence of a crime. Thus, he concludes, the trial court erred in denying his motion to suppress the evidence. We disagree with appellant's conclusion that the trial court erred in denying his motion to suppress the evidence.

"In reviewing a trial court's denial of a motion to suppress, 'the burden is upon [the appellant] to show that th[e] ruling, when the evidence is considered most favorably to the Commonwealth, constituted reversible error.'" McGee v. Commonwealth, 25 Va. App. 193, 197, 487 S.E.2d 259, 261 (1997) (en banc) (quoting Fore v. Commonwealth, 220 Va. 1007, 1010, 265 S.E.2d 729, 731 (1980)). While "we are bound by the trial court's findings of historical fact unless 'plainly wrong' or without evidence to support them and we give due weight to the inferences drawn from those facts by resident judges and local law enforcement officers," id. at 198, 487 S.E.2d at 261 (citing Ornelas v. United States, 517 U.S. 690, 699 (1996)), "we review *de novo* the trial court's application of legal standards . . . to the particular

---

[1] The Honorable Paul M. Peatross, Jr., Judge Designate, presided at the hearing on appellant's motion to suppress.

[2] The jury acquitted appellant of possession of cocaine with the intent to distribute.

facts of the case," McCracken v. Commonwealth, 39 Va. App. 254, 258, 572 S.E.2d 493, 495 (2002) (en banc).

Assuming, without deciding, that Clore violated appellant's Fourth Amendment rights by searching the contents of the cigarette box without probable cause, we conclude the evidence was nevertheless admissible under the inevitable discovery doctrine. Thus, we affirm the trial court's denial of appellant's motion to suppress.

"Ordinarily, evidence obtained as the result of an unlawful search is subject to suppression under the exclusionary rule." Commonwealth v. Jones, 267 Va. 532, 535, 593 S.E.2d 204, 206 (2004) (citing Weeks v. United States, 232 U.S. 383 (1914); Hart v. Commonwealth, 221 Va. 283, 287, 269 S.E.2d 806, 809 (1980)). "However, very limited exceptions to this rule do exist. One such exception is the inevitable discovery rule, which is an off-shoot of the independent source doctrine." Wilkins v. Commonwealth, 37 Va. App. 465, 475, 559 S.E.2d 395, 399 (2002) (citations omitted).

In order to invoke the inevitable discovery doctrine, the Commonwealth must establish by a preponderance of the evidence that the seized items "'ultimately or inevitably would have been discovered by lawful means'" despite the illegal conduct. Jones, 267 Va. at 536, 593 S.E.2d at 206 (quoting Nix v. Williams, 467 U.S. 431, 444 (1984)). The inevitable discovery exception permits admission of the challenged evidence if the Commonwealth shows "'(1) a reasonable probability that the evidence in question would have been discovered by lawful means but for the police misconduct'" and "'(2) that the leads making the discovery inevitable were possessed by the police at the time of the misconduct.'" Id. at 536, 593 S.E.2d at 207 (quoting United States v. Cherry, 759 F.2d 1196, 1204 (5th Cir. 1985)).

Here, after Clore concluded the traffic stop, he requested and received appellant's consent to search the vehicle he drove—a consent that was never revoked, despite the intervening events,

before the search of the vehicle actually occurred. "As a general rule, 'a search authorized by consent is wholly valid.'" Kyer v. Commonwealth, 45 Va. App. 473, 483, 612 S.E.2d 213, 218 (2005) (en banc) (quoting Schneckloth v. Bustamonte, 412 U.S. 218, 222 (1973)). Pursuant to appellant's consent, Clore was permitted to conduct a search of the vehicle that would have occurred regardless of Clore's later misconduct. Clore also possessed the authority to conduct the search at the time of his misconduct. It logically follows, therefore, that Clore would have searched the vehicle, found the drugs, money, and smoking pipe in the black bag on the passenger floorboard, arrested appellant, and conducted a search of his person incident to the arrest. That search of appellant's person would have yielded the plastic bag of cocaine contained in the cigarette box located in his front pants pocket. We conclude, therefore, that the Commonwealth showed "'a reasonable probability that the evidence in question would have been discovered by lawful means'" and that "'the leads making the discovery inevitable were possessed by the police at the time of the misconduct.'" Jones, 267 Va. at 536, 593 S.E.2d at 207 (quoting Cherry, 759 F.2d at 1204); see also Copeland v. Commonwealth, 42 Va. App. 424, 438-39, 592 S.E.2d 391, 397-98 (2004) (applying the doctrine of inevitable discovery where probable cause existed to arrest Copeland for an independent drug possession charge and where a search incident to that arrest would have yielded the other drugs ultimately discovered in Copeland's pocket during the unlawful search). Accordingly, the evidence "'ultimately or inevitably would have been discovered by lawful means.'" Jones, 267 Va. at 536, 593 S.E.2d at 206 (quoting Nix, 467 U.S. at 444).

## III. CONCLUSION

For these reasons, we affirm the trial court's judgment and appellant's conviction.

Affirmed.